WALTER E. SLATTERY, appellant,

*v.*

IDA F. SLATTERY, respondent.

[Decided July 13th, 1917.]

On appeal from a decree of the court of chancery advised by
Advisory Master McDermott, who filed the following opinion:

The petitioner and defendant were married April 24th, 1902,
in the city of New York, and appear to have lived happily until
the summer of 1907. They have one child, who was born in
July, 1905.

In the year 1907, the defendant spent a large part of the sum-
mer at Farmingdale, in Monmouth county, boarding at the home
of the mother of Edward Hobcroft, who is named as co-re-
spondent. The petitioner remained in the city during the
greater part of the week, but visited his wife and child over the
week ends and spent his vacation of two or three weeks with
them. At this time the petitioner became convinced that Hob-
croft and the defendant were too friendly. Their friendly rela-
tions continued after their return to New York in the fall of
1907, and in the early part of 1908 the petitioner requested Hob-
croft to keep away from the defendant. He continued to visit
her, and in the summer of 1908, when she was in a hospital, in
New York, called on her, held her hand and kissed her on
coming into her room and leaving it. While the defendant was
in the hospital the petitioner took their child and established a
home for himself, away from his wife. After leaving the hos-
pital she brought a proceeding in New York to obtain possession
of the child and was unsuccessful. Since then they have lived
apart.

The petitioner, after voting in Brooklyn on election day, 1913,

removed to Jersey City, where he claims to have resided ever since. The child lives in the home of his brother at Richmond Hill, New York.

The petition, which was filed November 15th, 1915, charges defendant with desertion from July, 1908, and adultery with Edward Hobcroft. The answer denies both charges and by way of cross-petition alleges desertion on the part of the husband, extending from the month of July, 1908.

The petition and cross-petition, so far as they seek a divorce on the ground of desertion, must be dismissed, as the desertion complained of commenced and continued for more than two years before the petitioner became a resident of this state, so that he did not have the necessary residence in this state when the cause of action arose to give the court jurisdiction. The defendant has never resided here. *Flynn* v. *Flynn* (*Court of Errors and Appeals*), *92 Atl. Rep. 645.*

The charge of adultery has been vigorously pressed by petitioner and his counsel and an able argument in support thereof presented orally and by brief. I am, however, unable to reach the conclusion that adultery has been proved. The defendant and Edward Hobcroft have been friends since they were children and his attentions to her have been marked, and their conduct is open to severe criticism. They have, in the presence of the petitioner or his friends, and without any apparent concealment, kissed each other; in the hospital, where he went as a visitor, he sat and held her hand; in many ways they gave evidence of a deep interest in each other. Although requested by petitioner to keep away from his wife, Hobcroft refused to do so, and has continued to live near her, and for a long time in the same apartment, occupied by her, her mother and other relatives.

The feeling of the wife towards her husband is bitter in the extreme, due to the fact that while she was confined in the hospital he took away their child and afterward defeated her application for custody in the supreme court of New York. She is unwilling to return to him and is not ready to agree to give up association with Hobcroft, even though it may affect her right to the custody of her child or the opportunity to visit it. While

her conduct in this and other respects is reprehensible there is no evidence of lewdness on her part, or of any indecent language or action, and she is not shown to be depraved. As a witness she was unusually frank and admitted without hesitation substantially all the acts charged against her claimed to indicate affection for or interest in Hobcroft.

I will advise a decree dismissing the petition and crosspetition.

*Messrs. Ziegener & Lane,* for the appellant.

*Mr. Wendell J. Wright,* for the respondent.

PER CURIAM.

The decree appealed from will be affirmed, for the reasons stated in the opinion filed in the court below by Advisory Master McDermott.

*For affirmance*—GARRISON, SWAYZE, TRENCHARD, BERGEN, MINTURN, KALISCH, BLACK, TAYLOR—8.

*For reversal*—PARKER, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER—5.